UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
SEP 2 3 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 04-400-GWU

WARREN JUDE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Jude

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Jude

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Jude

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Jude

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Jude

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Warren Jude, was found by an Administrative Law Judge (ALJ) to have "severe" impairments of L5 radiculopathy secondary to L4-5 nerve root impingement and depression. (Tr. 21). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Jude retained the residual functional capacity to perform a significant number of "light" level jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 24-7). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 42 years, "10th grade education," and work experience could perform any jobs if he were capable of light level exertion, and also had the following non-exertional impairments. (Tr. 358). He: (1) would have a "moderately limited" ability to maintain attention and concentration for extended periods, perform acts within a schedule, maintain regular attendance, and be punctual within customary

7

Jude

tolerances; (2) a "moderately limited" ability to interact appropriately with the general public; and (3) a "moderately limited" ability to travel in unfamiliar places or use public transportation. (Id.). The ALJ also specified that the person would have the ability to understand and recall simple work, complete routine work without excessive productivity demands, tolerate co-workers or supervisors, and "make changes as needed at the work as described." (Id.). The VE responded that such a person could perform the jobs of hand packager, housekeeper/cleaner, assembler, and unskilled benchwork laborer, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 358-9).

On appeal, the plaintiff raises only one issue, citing a prior, final ALJ decision from 1996 which included findings that Mr. Jude was limited to a fourth-grade reading level and a third grade math level. (Tr. 45-6). The 1996 decision indicates that the finding was based on specific testing by a psychologist, who had found that the plaintiff was cooperative and made good effort during testing. (Tr. 40). The plaintiff concedes that his subsequent return to work means that the physical restrictions found in the 1996 decision are no longer binding, but asserts that res judicata bars the current ALJ from finding a higher educational level absent evidence of an improvement in his functioning. The Commissioner, in turn, concedes that the Commissioner was required by applicable regulations and case law to attribute a fourth-grade reading level to the plaintiff. Drummond v. Commissioner of Social

8

Security, 126 F.3d 837, 842 (6th Cir. 1997) ("absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ"), see also Acquiescence Ruling 98-4 (6).[1]

The Commissioner asserts, that despite these precedents, a remand is not justified because the error was harmless. She points out that for a person, like the plaintiff, who is a "younger individual" (between the ages of 18 and 44), and limited to light level work, he would not be found disabled under the medical-vocational guidelines even if he were totally illiterate. The medical-vocational guidelines, however, are not applicable to this particular plaintiff because of the presence of non-exertional limitations. Since the ALJ specifically found that Mr. Jude was unable to perform any of his past relevant work (Tr. 26), the burden definitely shifted to the Commissioner to prove that there was other work existing in the national economy. The Commissioner may meet this burden through testimony from a vocational expert in answer to a hypothetical question, but only "if the question accurately portrays [the plaintiff's] individual physical and mental impairments." Varley, 745 F.2d at 218.

While it is a possibility that a person with a fourth grade reading ability and a third grade mathematics ability could perform some, or perhaps most, of the jobs

---

[1] In Skinner v. Secretary of Health and Human Services, 92 F.2d 447, 450-1 (6th Cir. 1990), the Sixth Circuit held that the Commissioner's regulations at 20 C.F.R. Section 404.1564(b) require the numerical grade level will only be used to determine a level of education if there is no other evidence to contradict it.

9

Jude

cited by the VE, the Dictionary of Occupational Titles (DOT) indicates that the job of "Housekeeper, Home," 307.137-010, requires "Level 2" math and "Level 3" reading, which encompasses the ability to add, subtract, multiply, and divide all units of measure, read safety rules, and write reports and essays. The DOT describes many assembly jobs at the light level, but the job of "Assembler I," DOT 723.684-014, requires Level 2 math and Level 2 reading, which contemplates the ability to read at the rate of 190 to 215 words per minute, read adventure stories and comic books, look up unfamiliar words in the dictionary, and read instructions for assembling model cars and airplanes. The same reading level is required for the job of "Assembler, Electrical Accessories I," DOT 729.687-010. Therefore, there is reason to believe that the VE's answer might have been different had she been asked to assume that the individual had a fourth grade reading and third grade mathematics ability, rather than a 10th grade education.

The decision will be remanded for further vocational evidence.

This the _21_ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

10